| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

| | | |
|---|---|---|
| CLEO CHESTER MCGREW, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION H-11-1753 |
| | § | |
| MR. ROBERT E. BELL, *ET AL.*, | § | |
| | § | |
| Defendants. | § | |

## Opinion on Dismissal

Cleo Chester McGrew, Jr., sues Robert E. Bell and Pam Guenther for civil rights violations. 42 U.S.C. § 1983. McGrew moves to proceed as a pauper. 28 U.S.C. § 1915. McGrew is held in a Texas prison. Bell and Guenther are Jackson County prosecutors. Guenther represented McGrew in a criminal case before she became a prosecutor. McGrew seeks damages.

1. *Claims*

The habitual enhancements in one of McGrew's prior indictments violate the double jeopardy clause. Bell and Guenther indicted McGrew two or three times with multiple punishments. Bell indicted McGrew for evading detention with a vehicle. Bell also indicted McGrew for aggravated perjury with habitual enhancements.

Bell retaliated against McGrew by prosecuting him in criminal case numbers 2810 and 2811 (possession of marijuana) in 1974. McGrew won an out-of-court settlement in 1974 based on this retaliation. These two cases did not run concurrent in 1974. McGrew also says he suffered retaliation in a criminal case which a court should have erased from his record in 1987. McGrew attaches a copy of a criminal complaint from a 2007 indictment against him. The indictment contains six enhancement paragraphs which cite the challenged convictions in cause numbers 2810 and 2811. McGrew seeks damages.

2. *Heck v. Humphrey*

McGrew claims double jeopardy violations and retaliation in his criminal prosecutions and convictions. A civil rights claim for damages which indirectly challenges the validity of a conviction

cannot proceed unless the conviction has been overturned. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

A claim that a prosecutor pursued criminal charges with a retaliatory motive violates due process. McGrew's claims of retaliation and double jeopardy violations undermine the constitutionality of his convictions. McGrew does not claim or show that a court has overturned his convictions.

The holding in *Heck v. Humphrey* bars McGrew's damages claims. This court must dismiss McGrew's claims under *Heck*.

3. *The Statute of Limitations*

The limitation period for section 1983 cases in Texas is two years. *Owen's v. Okure*, 488 U.S. 235 (1989); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). The limitation period starts when the plaintiff knows about the injury or has reason to know about it. *Lavellee v. Listi*, 611 F.2d 1129, 1131 (5th Cir. 1980). A plaintiff need not realize that a claim exists; he need only know the facts that would support a claim. *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995).

McGrew's claims concern events in 1974 and 2007. McGrew learned the facts underlying his claims by December 31, 2007, at the latest. The limitation period started on December 31, 2007. It ended on December 31, 2009. McGrew sued on May 14, 2010. McGrew sued more than four months after the statute of limitations expired. The statute of limitations also bars McGrew's claims.

4. *Immunity and State Action*

State prosecutors are absolutely immune from damages liability when acting in the scope of their duties in handling a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409 (1976). Prosecutorial immunity bars McGrew's claims for damages against Bell and Guenther (while she was a prosecutor).

McGrew's civil rights claims against Guenther for her actions taken as a defense attorney fall because she was not a state actor. In a section 1983 case, the plaintiff must show that someone acting under color of state law deprived him of a right under the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137 (1979). An attorney representing a client is not acting under color of state law. *Briscoe v. LaHue*, 460 U.S. 325, 329 (1983).

5. *Conclusion*

    McGrew's claims are barred by the holding in *Heck*, the statute of limitations, and absolute immunity and the absence of state action. McGrew fails to state a claim recognized at law. 28 U.S.C. § 1915A(b)(1). This case will be dismissed.

    The clerk will send a copy to the Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Three-Strikes List, and to the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793.

Signed June 16, 2011, at Houston, Texas.

Lynn N. Hughes
United States District Judge